UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PROFRAC HOLDINGS II, LLC,**

Plaintiff,

v.

**No. 4:24-cv-00531-P**

**JASON KUZOV, ET AL.,**

Defendants.

## OPINION & ORDER

Before the Court is Defendant's Motion to Transfer. ECF No. 5. Having considered the Motion and applicable law, the Court determines the Motion should be and hereby is **GRANTED.**

## BACKGROUND

Defendants Jason Kuzov and Mitchell Winick formed REV Energy Holdings and REV Energy Services (collectively, "REV") in 2017. Defendant Buffalo Creek acquired interest in REV in 2021. After growing the company for five years, Defendants sold REV to Plaintiff ProFrac Holdings. The Parties executed a Membership Purchase Agreement in December 2022, which contained the following language:

> Section 10.09 <u>Governing Law and Jurisdiction.</u> This Agreement shall be governed by and construed in accordance with the Laws of the State of Texas . . . . Any legal suit, action or proceeding arising out of or based upon this Agreement, the Transaction Documents or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the state of Texas in each case located in the city of Austin and the county of Travis, and each Party irrevocably submits to the exclusive jurisdictions of such courts in any such suit, action or proceeding. . . .

ProFrac sued Defendants in Parker County state court for breach of contract and fraudulent inducement in May 2024. Defendants removed the case to this Court shortly thereafter and promptly sought transfer to the Austin Division of the Western District of Texas, citing the above contractual language. They claim Section 10.09 constitutes a mandatory forum-selection clause, while ProFrac argues it is permissive, allowing the suit to remain in this Court.

## LEGAL STANDARD

Federal courts may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Typically, a court considering a Section 1404(a) motion is required to evaluate both "private interests of the parties and public-interest considerations." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013). But the "existence of a mandatory, enforceable [forum-selection clause] dramatically alters the analysis." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). Indeed, where there is a valid forum-selection clause, a court "should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 571 U.S. at 62.

A valid forum-selection clause alters the usual public/private analysis in several ways. *First*, "the plaintiff's choice of forum merits no weight." *Id.* at 63. On the contrary, the party opposing the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id. Second*, if the clause is mandatory, courts "should not consider arguments about the parties' private interests." *Id.* at 64. In such circumstances, courts are only required to consider the public interest factors, but even these factors don't carry much weight. *Id.* Public interest factors will "rarely defeat a transfer motion," meaning "forum selection clauses should control except in unusual cases." *Id.*

But the above analysis only applies when the forum-selection clause is mandatory. *See Weber*, 811 F.3d at 767. "Only after the court has interpreted the contract to determine whether it is mandatory or

permissive does its enforceability come into play." *Id.* at 770. To be mandatory, the clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). However, merely consenting to jurisdiction in one forum does not necessarily waive the right to be heard in another. *Id.*

## ANALYSIS

ProFrac does not dispute that its claims fall within the scope of the forum-selection clause or that the clause is enforceable. Indeed, the Parties' sole dispute concerns the proper taxonomy for the clause: ProFrac says its permissive; Defendants insist its mandatory. The Court must make this determination before considering any private or public interests. As the clause is unambiguous in its exclusive selection of Travis County courts, the Court concludes transfer is proper.

### A. The forum selection clause is mandatory.

A federal court sitting in diversity should use the parties' choice of law to determine whether a forum-selection provision is mandatory or permissive. *See Weber*, 811 F.3d at 770–71. Here, the Purchase Agreement contains a Texas choice of law clause, and neither party disputes that Texas law applies. *See* ECF No. 5 at 2–3. Accordingly, the Court looks to Texas law to determine whether the forum-selection clause is permissive or mandatory.

According to the Texas Supreme Court, language is ambiguous only if it yields "more than one reasonable interpretation." *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 405 (Tex. 2016). But ambiguity is determined only after applying standard rules of contract construction. *Phx. Network Techs. Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 615 (Tex. App.— Houston [1st Dist.] Aug. 25, 2005, no pet.). In fact, "[i]f, after the application of contract construction rules, a contract such as a forum selection agreement is susceptible of only one reasonable meaning, the contract is unambiguous." *Id.*

Texas contract construction rules deem that the Court's primary concern when interpreting contract language is to ascertain and give

effect to the parties' intentions, as expressed in the contract language. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333–34 (Tex. 2011). Undefined contractual terms are typically assigned their ordinary meaning. *Sw. Royalties*, 500 S.W.3d at 405. That meaning, however, must be "in harmony and consistent" with the contract's other terms, and "[i]f a different, more limited, or precise definition is apparent from the term's use in the context [], we apply that meaning." *Id.* Ultimately, the contract's words are determined both by context and intent of the parties. *See Italian Cowboy,* 341 S.W.3d at 333.

Here, the Court finds that the disputed forum-selection clause is not ambiguous. The intent of the Parties was clearly to give Travis County courts exclusive jurisdiction over any claims arising from the Purchase Agreement. The mandatory language of "exclusive jurisdiction" in the clause "clearly demonstrate[s] the parties' intent to make that jurisdiction exclusive." *City of New Orleans*, 376 F.3d at 504; *see* ECF No. 5 at 2–3. While ProFrac argues that the word "may" deems the clause permissive, this term must be interpreted in context vis-à-vis the rest of the clause. *See* ECF No. 15 at 6. The clause says that a relevant lawsuit "may be instituted in federal courts of the United States of America or the courts of the state of Texas. . . ." ECF No. 5 at 2–3. Read in context, "may" clearly confers discretion as between state and federal forums, not between Travis County forums and non-Travis County forums. This limited meaning of "may" is "in harmony and consistent" with the rest of the clause. *Sw. Royalties*, 500 S.W.3d at 405. Interpreting "may" as rendering the entire clause permissive would directly conflict with the parties' intent and make other terms in the clause, like "exclusive jurisdiction," meaningless.

When a forum-selection clause contains both mandatory and permissive language, the mandatory controls over the permissive. *In re Fisher*, 433 S.W.3d 523, 533 (Tex. 2014) (finding a forum selection clause containing "agrees not to bring any proceeding . . . in any other court" but "non-exclusive jurisdiction" to be mandatory). Other district courts have found identical language to be mandatory. *See, e.g.*, *LaBarge Coating, LLC v. LaBarge C&R LLC*, No. H-18-3961, 2018 WL 7290898, at *3 (S.D. Tex. Dec. 17, 2018) (finding that "may" allows a choice

between state or federal court, while "in each case" and "exclusive jurisdiction" make the clause mandatory). The mere fact that the clause includes "may" does not render the use of "exclusive jurisdiction," "in each case," and "irrevocably submits" also permissive—and no reasonable interpretation could suggest otherwise.

The Parties clearly intended that state or federal courts in Travis County have exclusive jurisdiction over disputes arising from the contract. While the word "may" gives a choice between state or federal court, the Parties "irrevocably submit[] to the exclusive jurisdiction" of such court in Travis County. The Court is hard-pressed to find a clearer statement of the Parties' intent. Accordingly, the forum-selection clause in the Purchase Agreement is mandatory.

### B. Texas law requires that this suit be transferred.

The Texas Civil Practice and Remedies Code provides that in actions arising from a "major transaction," venue is determined by the forum-selection clause in the parties' contract. TEX. CIV. PRAC. & REM. CODE ANN. § 15.020; *In re Fox River Real Est. Holdings, Inc.*, 577 S.W.3d 555, 558 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, orig. proceeding). Neither party disputes that this suit arises from a major transaction.[1] ECF No. 15 at 12–13. ProFrac argues this code section does not apply to the dispute at hand because the forum-selection clause is permissive, and the rule only applies to mandatory clauses. *Id.* As the Court previously determined the clause is mandatory, this argument holds no water. Because this is a major transaction and there is a mandatory forum-selection clause, this suit must be transferred to the proper venue in Travis County.

### C. Public factors do not overwhelmingly disfavor transfer.

As noted, the Court need only analyze the public interest factors when a forum-selection clause is deemed mandatory because the private factors "weigh entirely in favor of the preselected forum." *Atl. Marine*,

---

[1]A "major transaction" means "a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate stated value equal to or greater than $1 million . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 15.020.

571 U.S. at 64. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008). ProFrac bears the high burden of showing that this is an "extraordinary case" where the public factors "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 63. And it fails to carry that burden.

The Court agrees with the Parties that two of the four factors are neutral ("the familiarity of the forum with the law that will govern the case" and "the avoidance of unnecessary problems of conflict of laws"). *See* ECF No. 15 at 17. Accordingly, the Court only addresses the remaining two.

*First*, "administrative difficulties caused by docket congestion" are not exacerbated by transfer. As noted in the Motion to Transfer, both this Court and the Western District are congested. *See* ECF No. 5 at 11–12. ProFrac uses "time to trial" statistics to determine that the Northern District is more appropriate. However, as Defendants explain, the Fifth Circuit has rejected statistics on "time to trial" when determining this factor. ECF No. 18 at 5; *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024). At most, this factor is neutral and does not meet the high threshold required to negate transfer.

*Second*, the "local interest in having localized interests decided at home" is also neutral. Recently, the Fifth Circuit has explained to this Court that the "local interest-inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 308 (5th Cir. 2024) (emphasis in original). Here, there is little argument to be made about the Northern District's interest in this breach of contract claim. The mere fact that ProFrac is based in the Northern District does not inherently mean non-party citizens have an interest in this dispute. *See Bruckner Truck Sales, Inc. v. Hoist Lifttruck Mfg., LLC*, 501 F. Supp. 3d 409, 419 (N.D. Tex. 2020). ProFrac fails to show how keeping this suit here is in the interest of non-party citizens in the Northern District. This factor is also neutral, and therefore fails to meet the threshold to negate transfer.

Because all public interest factors are neutral in this dispute, the Court finds ProFrac fails to show that this is an "extraordinary case" warranting denial of Defendants' motion. *Atl. Marine*, 571 U.S. at 63. Accordingly, the Court determines Defendants' requested transfer to Travis County should be granted.

## CONCLUSION

Having considered the mandatory nature of the forum-selection clause and the relevant public factors, the Court concludes that this case should be and is hereby **TRANSFERRED** to the Austin Division of the United States District Court for the Western District of Texas. Accordingly, the Court **GRANTS** Defendant's Motion to Transfer (ECF No. 5).[2]

**SO ORDERED** on this **30th day** of **July 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] Seeing that the mandatory language of the clause, the major transaction rule, and the public interest factors all support transfer, the Court does not address Defendants' claims of anticipatory litigation.

7